UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID LEE BUCKLER, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:20-CV-319-SEP |
| STAN PAYNE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of David Lee Buckler ("Plaintiff"), an inmate at Southeast Correctional Center ("SECC"), for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.50. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the following reasons, the Court will issue service on Defendant Sadie Ducheck in her individual capacity but will dismiss the claims brought against her in her official capacity. The Court will dismiss Plaintiff's claims against Defendant Stan Payne in both his individual and official capacities.

### Initial Filing Fee Under Prison Litigation Reform Act

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make

monthly payments of twenty percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is paid in full. *Id.*

In support of the motion, Plaintiff submitted an inmate account statement showing an average monthly deposit of $7.50. The Court will therefore assess an initial partial filing fee of $1.50, which is twenty percent of Plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but it need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court

should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983 alleging that the defendant officers at Eastern Reception, Diagnostic, and Correctional Center ("ERDCC") used excessive force against him in violation of his Eighth Amendment rights.[1] He names as defendants Sadie Ducheck ("Ducheck"), a Correctional Officer at ERDCC, and Stan Payne ("Payne"), the Warden of ERDCC. He sues both defendants in their individual and official capacities.

Plaintiff states that on March 25, 2019, after breakfast, Ducheck collected Plaintiff and his cellmate's food trays and trash and shut and locked their food port. As Ducheck continued to the next cell to collect food trays and trash, Plaintiff asked her why he did not receive his prescribed medical snack bag, which is scheduled to come with his breakfast. Plaintiff states that Ducheck responded, "You forfeited your snack bags when you talked shit about me all night after two inmates grabbed my buttocks taking them from the shower and back to their cells."

Plaintiff denied these accusations and asked to speak to a sergeant. At this point, Ducheck returned to Plaintiff's cell and took out her oleoresin capsicum pepper spray. She told

---

[1] Plaintiff is currently housed at SECC. At all times relevant to the complaint, however, he was an inmate at ERDCC.

Plaintiff, "I'm not getting you no white shirt [*i.e.*, sergeant]." Without warning, she then unlocked Plaintiff's food port, stuck her arm through, and sprayed Plaintiff with pepper spray. The pepper spray hit Plaintiff's face and torso, and he screamed for her to stop. Plaintiff backed toward the sink, and Ducheck pulled her arm out of the food port, dropping the pepper spray into Plaintiff's cell. She then locked Plaintiff's food port.

Plaintiff tried to wash the pepper spray out of his eyes. At this point two other correctional officers, Carver and Phillips, arrived at his cell. These officers escorted both Plaintiff and his cellmate to the restraint bench. The officers restrained Plaintiff for approximately twenty minutes, during which time medical staff treated him. After being treated, the officers allowed Plaintiff to take a shower and wash the pepper spray off his body and out of his eyes.

Later in the day, officers Carver and Ducheck issued Plaintiff a conduct violation, written by Ducheck, for assaulting staff. On March 29, 2019, after review of the surveillance video, Plaintiff was found not guilty of the conduct violation. According to Plaintiff, Ducheck quit her job two weeks into the investigation and is no longer working for the Missouri Department of Corrections.

Plaintiff states that since this incident, he has suffered emotional distress, post-traumatic stress disorder, and increased anxiety. For relief, Plaintiff seeks $25,000 in compensatory damages and $50,000 in punitive damages against Defendants.

## Discussion

Excessive force claims brought by prisoners fall under the protections provided by the Eighth Amendment's prohibition of cruel and unusual punishment. *Whitley v. Albers*, 475 U.S. 312, 318–22 (1986). The test is whether the officer's use of force was reasonable under the

circumstances, or whether it was punitive, arbitrary, or malicious. *See Hudson v. McMillian,* 503 U.S. 1 (1992); *Whitley,* 475 U.S. at 319. A basis for an Eighth Amendment claim exists when, as alleged here, an officer uses pepper spray without warning on an inmate who poses no threat. *See Foulk v. Charrier*, 262 F.3d 687, 691-92 (8th Cir. 2001); *see also Johnson v. Blaukat*, 453 F.3d 1108, 1113 (8th Cir.2006) ("An application of pepper spray when an inmate is being compliant can provide a basis for an Eighth Amendment claim."); *Treats v. Morgan*, 308 F.3d 868, 873 (8th Cir. 2002) ("A basis for an Eighth Amendment claim exists when . . . an officer uses pepper spray without warning on an inmate who may have questioned his actions but who otherwise poses no threat."); *Lawrence v. Bowersox*, 297 F.3d 727, 730-32 (8th Cir. 2002) (correctional officer violated Eighth Amendment by ordering use of pepper spray on inmates who had questioned his command). Liberally construed, the Court finds Plaintiff has alleged a plausible claim of excessive force against Ducheck. The Court will order service on Ducheck in her individual capacity.

The Court will dismiss Plaintiff's claims brought against Ducheck in her official capacity. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted against Ducheck in her official capacity.

As to Defendant Payne, who served as warden at ERDCC at all times relevant to the complaint, Plaintiff claims that Payne "was in charge of making sure staff are conducting [themselves] in a professional manner at all times." Plaintiff does not allege that Payne personally participated in the alleged use of excessive force by Ducheck or personally

participated in any violation of Plaintiff's constitutional rights. To state a claim under § 1983, Plaintiff must plead that each defendant "personally violated [his] constitutional rights." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citing *Iqbal*, 556 U.S. at 676). It is well established that the doctrine of *respondeat superior* does not apply in § 1983 suits. *See Iqbal*, 556 U.S. at 676; *Beaulieu v. Ludeman*, 690 F.3d 1017, 1030 (8th Cir. 2012) ("supervisors . . . cannot be held vicariously liable under § 1983 for the actions of a subordinate."). Additionally, "a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). For these reasons, the Court will dismiss Plaintiff's claims brought against Payne.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that within thirty (30) days of the date of this Memorandum and Order, Plaintiff must pay an initial filing fee of $1.50. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on the complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to Defendant Sadie Ducheck in her individual capacity.

**IT IS FURTHER ORDERED** that Plaintiff's claims brought against Defendant Sadie Ducheck in her official capacity are **DISMISSED**.

**IT IS FINALLY ORDERED** that Defendant Stan Payne is **DISMISSED** from this action.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 16th day of March, 2020.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE